**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **EDITH E. STALNAKER,** : | |
| : | |
| **Debtor-Appellant,** : | |
| : | |
| v. : | 5:09-CV-252 (CAR) |
| : | |
| **WILDA E. KARL,** : | |
| : | |
| **Plaintiff-Appellee.** : | |
| _____ : | |

*ORDER ON APPEAL*

Before the Court is an appeal from the decision of the United States Bankruptcy Court for the Middle District of Georgia to grant partial summary judgment in favor of Plaintiff-Appellee. This Court agrees with the lower court's conclusions of law on the issue of collateral estoppel with respect to previously litigated attorney's fees. These fees constitute a nondischargeable debt as a matter of law in the foregoing bankruptcy proceedings. Having reviewed the record, the briefs submitted by both parties, and relevant case law, the Court hereby **AFFIRMS**.

**BACKGROUND**

Plaintiff-Appellee Wilda Karl and Debtor-Appellant Edith Stalnaker are sisters, who, along with their other four siblings, shared equally in their father's original will. Prior to their father's death, however, Debtor-Appellant prevailed upon him to execute a revised testamentary document that would have excluded Plaintiff-Appellee, and only Plaintiff-Appellee among the siblings, from taking anything in his estate.

After the father's death, Debtor-Appellant submitted the second document for probate in West Virginia, which Plaintiff-Appellee challenged. The state court voided the later proffered will on grounds Debtor-Appellant had failed to prove its validity. Separately, a jury awarded Plaintiff-

Appellee compensatory and punitive damages ruled based on its finding that Debtor-Appellant had tortiously interfered with Plaintiff-Appellee's bequest.

Through a post-trial motion, Plaintiff-Appellee additionally sought and was awarded attorney's fees in the amount of $21,836.31. The final judgment has since been domesticated in Jones County, Georgia, and this aspect of the award alone now amounts to more than $50,000.00 with interest. The order entered by the West Virginia trial court on the post-trial motion for attorney's fees concluded "that [Debtor-Appellant] Edith Stalnaker's conduct in this matter was in bad faith, willful, wanton, and vexatious" [Doc. 1, ex. A].

In August 2008, two years after the West Virginia judgment, Debtor-Appellant filed a Chapter 7 petition. In response, Plaintiff-Appellee timely filed a complaint to determine the dischargeability of the debts related to the West Virginia tortious interference claim pursuant to 11 U.S.C. § 523(a)(4) and (a)(6). Plaintiff-Appellee alleged that the entire judgment debt was nondischargeable in a Motion for Summary Judgment. Based on the record evidence presented, the Bankruptcy Court ruled, however, that only the previously awarded attorney's fees were a nondischargeable debt for the purposes of the bankruptcy proceedings. Debtor-Appellant appeals solely on the issue of dischargeability with regard to the attorney's fees. Plaintiff-Appellee does not cross-appeal the denial of summary judgment as to the compensatory or punitive elements of the earlier damage award.

**STANDARD OF REVIEW**

Conclusions of law, including a bankruptcy court's interpretation and application of the Bankruptcy Code, are reviewed *de novo.* See In re Chase & Sanborn Corp., 904 F.2d 588, 593 (11th Cir. 1990). This Court is not required to give any deference to a bankruptcy court's

interpretations of the law or its application of the law to the facts. Goerg v. Parungao, 930 F.2d 1563, 1566 (11th Cir. 1991). Since the decision whether or not to invoke collateral estoppel involves purely legal considerations, the Court will now conduct a *de novo* review of the entire decision with respect to the sole issue on appeal in this case.

## DISCUSSION

On a theory of collateral estoppel, the lower court found certain attorney's fees previously awarded to Plaintiff-Appellee nondischargeable in Debtor-Appellant's current Chapter 7 bankruptcy proceedings. This Court agrees with the legal conclusions of the Bankruptcy judge that the doctrine of collateral estoppel operates in this case to bar Debtor-Appellant from relitigating this issue, which is the only question on appeal. Since another court has already made sufficiently identical findings of willfulness and maliciousness with respect to the attorney's fees in question, this debt is nondischargeable as a matter of law in the current bankruptcy proceedings.

Collateral estoppel prevents relitigation of issues decided in prior proceedings. Allen v. McCurry, 449 U.S. 90, 95, 101 S.Ct. 411, 415 (1980). It "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." Id. (citations omitted). Furthermore, collateral estoppel applies to nondischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 285 n.11, 111 S. Ct. 654, 658 n.11 (1991).

Debtor-Appellant's brief highlights the propriety of the policy behind the doctrine of collateral estoppel [Doc. 7]. The brief largely attempts to reargue the factual basis for the earlier decision to award attorney's fees. To revisit this aspect of the prior decision in the current bankruptcy proceeding would require a very different court in a faraway jurisdiction at a much

3

later time to reconsider determinations that the original West Virginia trial court was in the best position to assess fairly and fully.

When the previously litigated issue involves a prior state court judgment, the collateral estoppel principles of that state govern. St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 675-76 (11th Cir. 1993). Since a West Virginia state court rendered the prior judgment at issue in this case, West Virginia collateral estoppel law applies.

West Virginia has adopted a four-part test to determine whether collateral estoppel bars relitigation of a particular issue, requiring that (1) the issue previously decided must be identical to the one presented in the action in question; (2) there was a final adjudication on the merits in the prior action; (3) the party against whom estoppel is invoked was a party or in privity with a party to the prior action; and (4) the party against whom the estoppel is raised had a full and fair opportunity to litigate the issue in the prior action. State v. Miller, 459 S.E.2d 114, 120 (W.Va.1995).

In this case, the last three of the four elements required to invoke collateral estoppel are undisputed. A final judgment on the merits was entered by a West Virginia court; Plaintiff-Appellee and Debtor-Appellant in the adversary bankruptcy proceeding were, respectively, the plaintiff and defendant in the state court case; and the judgment followed a trial by jury, which provided Debtor-Appellant a full and fair opportunity to litigate the issue.

Thus, the Court need only consider whether the findings necessary to determine the issue of attorney's fees in the state court action were sufficiently identical to those required to make a finding of nondischargeability in a bankruptcy proceeding. To prove identity of issues, "both the legal issues presented and the controlling facts must be identical in each action[.]" Holloman v. Nationwide Mut. Ins. Co., 617 S.E.2d 816, 823 (W. Va. 2005). Furthermore, the legal standard

4

applied in both proceedings must be similar. Miller, 459 S.E. 2d at 121.  In addition, to prevail based on collateral estoppel, Plaintiff-Appellee must demonstrate that the legal issue she raises on appeal was "essential to the judgment" in the West Virginia proceeding. Id. at 120.

With respect to dischargeability in a bankruptcy proceeding, a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from discharge pursuant to § 523(a)(6).  An injury is willful when the injury itself was intended or substantially certain to result. Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S. Ct. 974, 977 (1998); Hope v. Walker, 48 F.3d 1161, 1165 (11th Cir. 1995).  Maliciousness requires a finding that the conduct was "wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill will." Id. at 1164.

In West Virginia, a court may award attorney's fees to a prevailing party if the losing party "'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Yost v. Fuscaldo, 408 S.E.2d 72, 78 (W.Va.,1991) (quoting Nelson v. Public Employees Ins. Bd., 300 S.E.2d 86, 92 (W. Va. 1982)).  Since the court makes the finding of bad faith or vexatious, wanton, or oppressive conduct, a determination to award attorney's fees is a legal conclusion.

The West Virginia rule allows a court to assess attorney's fees only against a party whose conduct leading to or in connection with the legal proceedings demonstrates the intentional misuse of the legal process "to oppress or cheat others[.]" Yost at 79.  To make the determination that a party intentionally subverted the legal process so as to warrant a grant of attorney's fees under this standard necessarily and logically requires a finding equivalent to willful and malicious injury.

In addition, Plaintiff-Appellee introduced record evidence sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action.  Plaintiff-Appellee submitted the actual post-trial order, which described Debtor-Appellant's conduct in the recently

5

concluded trial as sufficiently "outrageous" to warrant an assessment of attorney's fees in Plaintiff-Appellee's favor. That court made specific findings of "bad faith" and "willful, wanton, and vexatious" conduct on the part of Debtor-Appellant with regard to the litigation. That the West Virginia court made these findings in the conjunctive, rather than in the disjunctive, leaves no reasonable doubt as to what was decided by the prior judgment or the exact basis for the earlier court's conclusions.

A trial court in awarding attorney's fees under the appropriate West Virginia standard has already found that Debtor-Appellant's conduct in this respect was, among other things, willful and wanton. To classify this debt as nondischargeable pursuant to § 523(a)(6) would require a finding that it arose out of a willful and malicious injury. Willfulness is not at issue, therefore, and the words "wanton" and "malicious" describe legally synonymous behavior in this context. Deliberately "vexatious" litigation, targeted at Plaintiff-Appellee in bad faith, easily qualifies as conduct that is "wrongful and without just cause or excessive" under the Eleventh Circuit's definition of malice for purposes of bankruptcy law. Because these two standards so closely mirror one another, West Virginia's collateral estoppel requirement that the issues in question be sufficiently identical is satisfied. Since the legal issues presented and controlling facts are also identical, Plaintiff-Appellee has met the burden of proving each element of collateral estoppel. See Dixie Nat'l Life Ins. Co. V. McWhorter (In re McWhorter), 887 F.2d 1564, 1566 (11th Cir. 1989).

Debtor-Appellant is thus estopped from now relitigating the issues of willfulness and maliciousness with respect to the attorney's fees as a debt in the current bankruptcy proceedings. A West Virginia state court previously considered and determined those identical issues in assessing the original award. As such, Plaintiff-Appellee was entitled to summary judgment on the dischargeability of this debt, and the earlier award of attorney's fees is nondischargeable as a

matter of law in Debtor-Appellant's Chapter 7 action.

## CONCLUSION

This Court agrees with the lower court's conclusions of law on the issue of collateral estoppel with respect to previously litigated attorney's fees. These fees are a nondischargeable debt as a matter of law in the foregoing bankruptcy proceedings. Accordingly, the lower court decision to grant partial summary judgment in the matter is hereby **AFFIRMED**.

**SO ORDERED,** this 26th day of March, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

THC/ssh